UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| HEIDI K. ERICKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:25-cv-04136-SLD-RLH |
| MICHAEL INMAN ET AL., | ) ) ) |
| Defendant. | ) |

ORDER

Before the Court are Plaintiff Heidi K. Erickson's Complaint, ECF No. 1; Verified Motion to Correct Certificate of Service, ECF No. 3; Motion to Proceed *In Forma Pauperis* ("IFP"), ECF No. 5; Verified Motion to Correct Certificate of Service, ECF No. 6; Verified Emergency Motion for [Temporary Restraining Order], Writ of Replevin, and Preliminary Injunction, ECF No. 8; Verified Emergency Motion for Temporary Orders to Schedule Hearing for TRO and Preliminary Injunction, ECF No. 9; and Verified Motion to Redact Last Page, ECF No. 11.  For the reasons that follow, her Motion to Proceed IFP is GRANTED, her complaint is DISMISSED, her motion to redact is GRANTED IN PART, and her remaining motions are MOOT.

**IN FORMA PAUPERIS**

Erickson moves to proceed IFP pursuant to 28 U.S.C. § 1915(a).  Because she sufficiently demonstrates that she cannot pay the costs of the proceeding, her motion to proceed IFP is GRANTED.

**BACKGROUND[1]**

---

[1] Unless otherwise stated, the facts described herein are taken from Erickson's complaint.

1

Erickson has filed an approximately 80-page single-spaced complaint along with over 150 pages of exhibits. She names more than 50 Defendants and asserts over 30 causes of action. Throughout the 80-page complaint, Erickson references numerous alleged constitutional violations, Americans with Disabilities Act violations, replevin, requests for temporary restraining orders, state tort claims, and allegations of adverse possession, condemnation, perjury, trespass, and more.

The complaint is quite repetitive and at times hard to follow, but the Court understands the gist of Erickson's story to be as follows. Erickson obtained a service dog named Beautiful in November 2024. Her neighbors, the Silbergers, trespassed in and perhaps yelled across Erickson's backyard to her neighbors on the other side, the Camerons. Erickson contends that she adversely possessed part of the Silbergers' backyard and served a "Cease and Desist Notice" on the Silbergers in December 2024. *See* Compl. 2. Erickson complained to Macomb Chief of Police Jeff Hamer, asking him to enforce her "Cease and Desist Notice." *Id.* At some point, the Camerons also began harassing Erickson. Erickson then complained to Macomb Mayor Michael Inman about Hamer's failure to assist her, alleging that Hamer was biased against her and instead was favoring the Camerons as one of the Camerons was a police officer. Erickson had also been in contact with Dana Moon, the McDonough County Treasurer and Vice President of the Humane Society, in April 2025 to request a waiver of the fees to register Beautiful.

On May 2, 2025, the City of Macomb initiated a condemnation action against Erickson that Erickson alleges was fraudulently initiated. She also alleges that she was arrested based on a fraudulently procured administrative warrant—part of the fraud was that the officer who obtained the warrant included a false statement from Moon—and held against her will in a hospital between May 2, 2025, and June 3, 2025, pursuant to a petition for involuntary

commitment. Erickson alleges that officers used excessive force when arresting her on May 2, 2025. During the arrest, her animals, Beautiful and a clowder of Persian cats, were taken to an animal shelter. Since then, Erickson has not been able to recover her animals or return to her home, since it is tagged for an ongoing code violation. Erickson seeks, among other relief, return of her pets, permission to return to her home in Macomb without threat of arrest, and damages.

## DISCUSSION

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs need not plead legal theories, *Shah v. Inter-Continental Hotel Chi. Op. Corp.*, 314 F.3d 278, 282 (7th Cir. 2002), but they must allege facts in a manner as to give defendants fair notice of the claims against them. *See Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994) ("[A] complaint must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." (quotation marks omitted)).

To ensure defendants are given fair notice of the claims against them and to give effect to the purpose of Rule 8, a district court may dismiss a complaint "on the ground that it [is] an egregious violation of Rule 8(a)." *Hartz v. Friedman*, 919 F.2d 469, 471 (7th Cir. 1990). Dismissal in such circumstances helps protect the orderly nature of court proceedings and saves defendants the time and cost of responding to unintelligible complaints. *See Vicom*, 20 F.3d at 775–76 ("A complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation.").

No single factor determines whether a complaint violates Rule 8. Relevant considerations include (1) the length of the complaint, *see Hartz*, 919 F.2d at 471 (giving independent meaning to "short" and "plain"); (2) its redundancy, *see Vicom*, 20 F.3d at 776 ("[A]

confusing, redundant, and seemingly interminable . . . complaint violate[s] the letter and spirit of Rule 8(a)."); (3) the inclusion of irrelevant facts, *see Hartz*, 919 F.2d at 471 (describing "a mass of details which might be relevant and appropriate at trial, but which are clearly surplusage in stating a claim" as "mak[ing] it difficult to sort out the necessary elements" of the claim); *Reinoehl v. Ctrs. for Disease Control & Prevention*, No. 3:21-CV-608 DRL-MGG, 2022 WL 483741, at *3 (N.D. Ill. Feb. 16, 2022) (describing the plaintiff's complaints as "unintelligible due to their . . . excess and impertinent information and exhibits"); (4) apparent inconsistencies and general lack of clarity, *see Reinoehl*, 2022 WL 483741, at *4 ("Her complaints have been not just needlessly long, unclear, and repetitious but confusing as to what exact claims she is pursuing, what facts are pleaded, what facts are relevant based on the alleged violations, and where those facts may be scattered in her lengthy complaint . . . ."); (5) grammatical and syntactical errors making it difficult to read, *see Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) ("[The complaint's] grammatical, syntactical, and typographical errors contributed to an overall sense of unintelligibility."); and (6) the number of unrelated defendants, *Reinoehl*, 2022 WL 483741, at *3–5 (considering relevant "the joinder of mostly unrelated claims against sixteen defendants" and concluding that "[o]bliging all sixteen defendants to answer [the plaintiff's] pleading would fly in the face of the very purposes for which Rule 8 exists").

      Erickson's complaint features each of these factors and more. Her complaint consists of 81 single-spaced pages, along with 164 pages of exhibits. Although "undue length alone ordinarily does not justify the dismissal of an otherwise valid complaint," *Stanard*, 658 F.3d at 797, this is within the length that other courts have considered excessively long, *see, e.g.*, *Jennings v. Emry*, 910 F.2d 1434, 1435 (7th Cir. 1990) (affirming dismissal of a "lengthy" 55-page complaint). Erickson's exhibits range from emails with town officials, *see, e.g.*, Compl. 93,

to records of state law proceedings, *see, e.g.*, *id.* at 121, photographs of documents too blurry for the Court to make out, *see, e.g.*, *id.* at 200, and screenshots of receipts for grocery purchases from Walmart, *see id.* at 243–44. The facts alleged throughout the complaint range just as widely, including descriptions of her "visionary" grandfather who "pioneered the area of Animal Therapy" and began a family tradition of breeding Persian cats, *see id.* at 26, and details of her weekly cleaning regimen, *see id.* at 28. Whatever the relevance of these exhibits and facts at trial, they are unquestionably "surplusage in stating a claim," *Hartz*, 919 F.2d at 471, that obscure the nature of her claims and "make[] it difficult for [a] defendant to file a responsive pleading," *Vicom*, 20 F.3d at 776.

To make matters worse, these convoluted facts are poorly organized, meandering throughout several sections of the complaint in an order that does not flow chronologically or follow any other apparent structure. For instance, most of the section on "Background Caselaw" is a continued recitation of the facts, almost entirely repetitious of other portions of the complaint. *See* Compl. 8–9. Under the headers for Counts A and B (which confusingly precede Counts I–XXX), claims based on constitutional violations, Erickson includes another convoluted, 10-page description of the facts. *See id.* at 36–47. This same section perplexingly seeks "damages based upon common law claims in tort." *Id.* at 46.

Erickson's syntax, grammar, and punctuation errors further exacerbate the difficulty of understanding her complaint. For illustration, one sentence of her pleading reads:

> No one has ever asked, sent a letter, subpoena or sent a summons requesting information, an inspection and I had recently been challenging the local government, on the phone with Chief Hamer, the Mayors offices, the Treasurer all this parties are directly those leaders whose policy and practices make up the manner that Herrick, Cameron and others were condoned to retaliate.

*Id.* at 5. Such sentences are buried in paragraphs that sometimes span multiple pages of single-spaced font. *See, e.g., id.* at 36–38. And while many of these paragraphs are numbered, some are not, and the numbering that exists restarts in most, but not all, sections. Some paragraphs are broken up mid-sentence by one of several exhibits scattered throughout the document. *See, e.g., id.* at 13–14.

Further, the complaint features apparent inconsistencies in matters as basic as the identity of the defendants. The names listed at the top of the filing do not match the defendants listed in the section identifying the parties. *Compare id.* at 1, *with id.* at 16–24. Depending on which list is consulted, Erickson brings complaints against between 55 and 85 defendants. Some defendants are altogether unidentified, such as the either 14 or 16 (depending on whether one references the document header or the list of parties) John and Jane Does. *See id.* at 1, 19. Other defendants are not obviously implicated in any of the wrongful acts alleged. In the case of Defendant Judge Heidi Benson, Erickson simultaneously lists her as a defendant, presumably based on her approval of a search warrant, and states later that the police officer "simply forged Judge Heidi Benson's signature on the Orders for Administrative Search Warrant." *Id.* at 45.

While any of these flaws taken independently might not justify a dismissal under Rule 8, "[h]olistically [Ms. Erickson's] complaints have been unintelligible due to their length; excess and impertinent information and exhibits; arguments made rather than facts pleaded; tangential mentions of liability under numerous constitutional provisions, statutes, and . . . rules; and the joinder of mostly unrelated claims against [numerous] defendants." *Reinoehl*, 2022 WL 483741, at *3. Neither the Court nor the dozens of Defendants can be expected to "fish a gold coin from a bucket of mud," *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th

Cir. 2003), to determine the nature of the claims or form a basic understanding of the facts alleged.

## CONCLUSION

Accordingly, Plaintiff Heidi Erickson's Motion to Proceed *In Forma Pauperis*, ECF No. 5, is GRANTED. Her Complaint, ECF No. 1, is DISMISSED without prejudice for failure to comply with Federal Rule of Civil Procedure 8(a)(2). The motion to redact, ECF No. 11, is GRANTED IN PART. The Clerk of Court is directed to REDACT the account number on the last page of ECF No. 8 and then replace the document. The remaining pending motions, ECF Nos. 3, 6, 8, & 9, are MOOT because there is no operative complaint. The Court grants Erickson leave to file an amended complaint if she can cure the deficiencies identified above. Any amended complaint must be filed by October 17.

Entered this 3rd day of October, 2025.

s/ Sara Darrow  
SARA DARROW  
CHIEF UNITED STATES DISTRICT JUDGE