E-FILED
Thursday, 13 August, 2026  09:09:42 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| HEIDI ERICKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25-cv-04136-SLD-RLH |
| | ) | |
| MCDONOUGH COUNTY, CITY OF | ) | |
| MACOMB, V. COVINGTON, LLC d/b/a | ) | |
| LAKE BEHAVIORAL HOSPITAL, V. | ) | |
| COVINGTON REALTY, LLC d/b/a LAKE | ) | |
| BEHAVIORAL HOSPITAL, JEFF | ) | |
| HAMER, BRYCE HERRICK, MIRANDA | ) | |
| LAMBERT, BILLIE MCMILLEN, LISA | ) | |
| SCALF, ZACH WELCH, WENDY | ) | |
| HUGHES, JOE ROSSMILLER, MEGAN | ) | |
| CLEMONS, MICHAEL INMAN, SCOTT | ) | |
| COKER, and JANE/JOHN DOE | ) | |
| OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Before the Court is Plaintiff Heidi Erickson's motion for a finding of contempt, ECF No. 93.  For the reasons that follow, the motion is DENIED.

**BACKGROUND**

Earlier this year, the Court granted in part Plaintiff's motion for a preliminary injunction, ECF No. 22.  *See generally* Apr. 2, 2026 Order, ECF No. 77.  It entered an injunction requiring Defendant McDonough County to "provide a notice to [Plaintiff] that identifies the animals and any other property seized from her home at 13 Hickory Grove Macomb, Illinois 61455 on May 2, 2025" and that "identif[ies] under what procedures [Plaintiff] may seek the return of her animals."  Injunction 2, ECF No. 78.  On April 14, 2026, McDonough County filed a certificate

1

of service indicating that it had sent a notice to Plaintiff via email and U.S. mail.  Certificate of Serv., ECF No. 87.

Plaintiff filed her motion for a finding of contempt on April 27, 2026.  *See* Mot. Contempt 1.  Pursuant to the Court's direction, *see* May 12, 2026 Text Order, McDonough County filed a response, ECF No. 99.  McDonough County provided a copy of the notice along with its response.  Not. Seizure, ECF No. 99 at 10–12.  The notice informs Plaintiff that "[a]pproximately 30 cats," "1 dog," "approximately 3-4 deceased cats," and "3 chicks" were obtained from her property.  *Id.* at 1 (emphasis omitted).  It also includes a section identifying various Illinois statutes under which the animals are being held.  *Id.*  Finally, it informs Plaintiff that "to seek the return of any seized animal, [she] must submit a written request to McDonough County."  *Id.*  It identifies where the request should be submitted, what the request should include, and what the return of animals may be conditioned upon compliance with.  *Id.* at 2–3.

## DISCUSSION

### I.    Legal Standard

"A court's civil contempt power rests in its inherent limited authority to enforce compliance with court orders and ensure judicial proceedings are conducted in an orderly manner."  *United States v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001) (quotation marks omitted).  To succeed on a contempt claim, the movant must prove by clear and convincing evidence that: 1) a court order set forth "an unambiguous command" to the party alleged to be in contempt; 2) the party violated that command; 3) the "violation was significant, meaning it did not substantially comply with the [o]rder"; and 4) the party "failed to take steps to reasonabl[y] and diligently comply with the [o]rder."  *Prima Tek II, L.L.C. v. Klerk's Plastic Indus.,* 525 F.3d 533, 542 (7th Cir. 2008).

2

II.     **Analysis**

Plaintiff argues that McDonough County is in contempt of court because its notice vaguely states that "the animals were seized and are currently being held pursuant to Illinois law, *including but not limited to*" four Illinois statutes, because none of those statutes provide a basis for seizure of the animals, and because the notice does not sufficiently identify the property seized due to its use of "approximately" in listing the animals seized. *See* Mot. Contempt 1–2 (quotation marks omitted) (emphasis added).[1]

Plaintiff has not met her burden to establish the elements of contempt by clear and convincing evidence. First, the Court's injunction does not require listing of the legal bases for seizure, *see* Inj. 1–2, so McDonough County cannot have violated an unambiguous Court command by stating the four statutes and using the "including but not limited to" language. Second, if Plaintiff seeks to challenge the legal basis for the impoundment, she may do so pursuant to the procedures set forth in the notice, not by challenging the content of the notice in this Court.

And third, even assuming that it was a violation of an unambiguous command for McDonough County to state that it seized "[a]pproximately 30 cats," the Court does not find that this violation is significant or that McDonough County has failed to take steps to reasonably and diligently comply with the injunction. McDonough County explains that "all of the cats seized from [Plaintiff's] home were the same breed," that it "does not know the names that Plaintiff gave to each of the cats or even if they all had names," and that it used approximately to "avoid

---

[1] Plaintiff also seems to request reconsideration of the Court's order denying in part her request for an injunction, *see* Mot. Contempt 7–12, but the Court will not consider that request in the context of a motion to hold McDonough County in contempt. Moreover, the Court has already ruled on a motion to reconsider the order denying in part Plaintiff's request for an injunction. *See* May 15, 2026 Order, ECF No. 103.

providing Plaintiff or the Court with any inaccurate information." Resp. Mot. Contempt 4.  It indicates that using the word approximately "was done in good faith." *Id.*  Further, it has clarified that its records indicate that it "seized 30 live cats from Plaintiff's home, all of them being Persian in breed, 14 being male, and 16 being female." *Id.* at 5.  The Court finds that the County has made a diligent effort to comply with the injunction by providing the notice and by clarifying what its records show in response to the motion for contempt.

Plaintiff also complains about McDonough County's statement that it seized "approximately 3-4 deceased cats." Mot. Contempt 5.  But Plaintiff does not provide clear and convincing evidence that McDonough County should have been able to identify the number of distinct deceased cats seized from the home.  There may have been partial remains.  The Court does not find that it was a violation of the injunction to state an approximate number of deceased cats taken from the property.

## CONCLUSION

For the foregoing reasons, Plaintiff Heidi Erickson's motion for contempt, ECF No. 93, is DENIED.  The Clerk is directed to send a copy of this Order to Plaintiff by email.

Entered this 13th day of August, 2026.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE

4