E-FILED
Friday, 13 November, 2026 01:37:23 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| HEIDI ERICKSON, Plaintiff, | ) | |
| v. | ) | Case No. 4:25-cv-04136-SLD-RLH |
| MCDONOUGH COUNTY, CITY OF MACOMB, V. COVINGTON, LLC d/b/a LAKE BEHAVIORAL HOSPITAL, V. COVINGTON REALTY, LLC d/b/a LAKE BEHAVIORAL HOSPITAL, JEFF HAMER, BRYCE HERRICK, MIRANDA LAMBERT, BILLIE MCMILLEN, LISA SCALF, ZACH WELCH, WENDY HUGHES, JOE ROSSMILLER, MEGAN CLEMONS, MICHAEL INMAN, SCOTT COKER, and JANE/JOHN DOE OFFICERS, Defendants. | ) | |

ORDER

Before the Court is Defendants Wendy Hughes and Joseph Rossmiller's motion for summary judgment, ECF No. 97, and the motion for sanctions filed by Defendants Hughes, Rossmiller, McDonough County ("the County"), the City of Macomb, Michael Inman, Scott Coker, Lisa Scalf, Billie McMillen, Miranda Lambert, Bryce Herrick, Jeff Hamer, and Zach Welch, ECF No. 98. For the reasons that follow, the motion for sanctions is DENIED and the Court RESERVES ruling on the motion for summary judgment.

**BACKGROUND**

Despite not having entered discovery, the history of this case is long and complicated. A more complete factual background can be found in the Court's January 27, 2026 Merit Review Order, ECF No. 35. For purposes of the present motions, however, the dispute is simple. As

relevant here, Erickson brings charges against Hughes and Rossmiller for the unconstitutional seizure of a service dog and a clowder of Persian cats that Erickson kept in her home. *See* Jan. 27, 2026 Order 37. On May 2, 2025, officers with the Macomb Police Department executed a search warrant at Erickson's home. First Am. Compl. 3, ECF No. 36. While there, the police invited animal control officers—identified in the complaint as Hughes, Rossmiller, and Welch—to the home. *Id.* at 58. Those officers seized Erickson's animals, impounded them, and transported them to the McDonough County Animal Shelter. *Id.*

Hughes and Rossmiller now bring a potent argument for dismissal: neither of them was present at Erickson's home on May 2, 2025, and, in fact, neither has worked as an animal control officer for the County since 2024. *See generally* Mot. Summ. J. Hughes provides a declaration stating that she was employed by the County as an animal control officer from May 2022 to November 2023, but she then left her employment with the County and moved to Arizona. Decl. Hughes 1, Mot. Summ. J. Ex. A, ECF No. 97 at 9–10. She attests that she did not participate in the search of Erickson's home, the seizure of her animals, or any other alleged events in this case. *Id.* Defendants suggest that Erickson may have named Hughes as a defendant because there is a City of Macomb Police officer named Jessica Hughes who was involved in at least some of the facts alleged in Erickson's complaint. Mot. Summ. J. 5–6. Rossmiller submitted a declaration stating that he worked as an animal control officer with the County from July 2019 to March 2024 but has not been employed with the County since that time. Decl. Rossmiller 1, Mot. Summ. J. Ex. B, ECF No. 97 at 11–12. He also testifies that he was not involved in any of the events alleged in Erickson's complaint. *Id.*

Counsel for Hughes and Rossmiller states he has contacted Erickson "multiple times by email, by letter, and by phone, imploring [her] to stop pursuing these claims against these two

uninvolved persons." Mot. Sanctions 6. Unable to convince Erickson to dismiss Hughes and Rossmiller as defendants, Hughes, Rossmiller, and other City and County Defendants also now move for sanctions. They argue that by continuing to pursue her claims against Hughes and Rossmiller after being informed that neither defendant was involved in the relevant events, Erickson is bringing a frivolous case for an improper purpose and should therefore be subject to monetary sanctions. *See generally id.*

Erickson responds that it would be inappropriate to grant summary judgment since she has not had the opportunity to conduct discovery and review the relevant evidence, including employment records from the County. Resp. Mot. Summ. J. 1–2, ECF No. 121. She also argues that Hughes and Rossmiller are proper defendants regardless of their employment in 2025 since they may have been involved in planning the relevant conduct. *Id.* at 4–5. Hughes and Rossmiller submitted a reply maintaining that the only actions at issue took place in April and May of 2025 and that no additional discovery is needed to prove that neither Defendant was employed with the County during that time. *See generally* Reply, ECF No. 127.

In response to the motion for sanctions, Erickson contends that the Court should not grant the motion because Hughes and Rossmiller violated the safe harbor provision outlined in Federal Rule of Civil Procedure 11(c)(2). Resp. Mot. Sanctions 1, ECF No. 125. She in turn requests sanctions to deter similar behavior in the future. *Id.* at 1–2.

## DISCUSSION

### I. Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must "construe the facts and draw all reasonable inferences in the light most

favorable to the nonmoving party." *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). While the moving party ultimately carries the burden of persuasion as to the motion, *see* Fed. R. Civ. P. 56(a) (stating that the movant must show his entitlement to judgment as a matter of law), "where the nonmoving party will bear the burden of proof at trial on a dispositive issue, the nonmoving party bears the burden of production under Rule 56 to designate specific facts showing that there is a genuine issue for trial." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quotation marks omitted).

The Seventh Circuit has emphasized "the importance of allowing a party the opportunity to take meaningful discovery before granting summary judgment." *Smith v. OSF Healthcare Sys.*, 933 F.3d 859, 866 (7th Cir. 2019). However, the fact that the parties have not completed discovery does not necessarily preclude summary judgment. *Farmer v. Brennan*, 81 F.3d 1444, 1450 (7th Cir. 1996). Instead, Rule 56 governs situations in which relevant facts are unavailable to the nonmovant. It states: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).

Though Erickson did not attach a separate affidavit or declaration explaining why she could not present facts essential to opposing the motion for summary judgment, she expressly invoked Rule 56(d) and attested to the truth of the facts in her response "under the pains and penalties of perjury." Resp. Mot. Summ. J. 1, 5. Those facts include that she has not received or otherwise reviewed essential records to determine whether Hughes and Rossmiller were employed with the County in 2025. *See id.* at 3–4. This is sufficient to satisfy Rule 56(d), especially since Erickson is proceeding *pro se*. *See Nationwide Life Ins. v. Hollis*, No. 23-CV-

0074, 2024 WL 4803435, at *5 (E.D. Wis. Sep. 12, 2024) (finding unsworn statements by *pro se* parties that they had not received the necessary records sufficient to oppose a motion for summary judgment sufficient to satisfy Rule 56(d)); *cf. Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . ." (quotation marks omitted)).

The Court is sympathetic to Erickson's argument that her claims should not be dismissed without an opportunity to gather evidence to dispute Hughes and Rossmiller's affidavits. In this case, it appears likely that such evidence—including employment records and other documentary evidence—exists. Since Erickson has specifically requested such evidence and identified its absence as a reason she is unable to present facts in opposition to the motion for summary judgment, *see* Resp. Mot. Summ. J. 3–4, the Court finds it premature to rule on the motion for summary judgment before such evidence is exchanged.

Accordingly, the Court approves the opening of limited discovery for the parties to exchange evidence relevant to the dispute of whether Hughes and Rossmiller worked for the County as animal control officers in April and May of 2025. Such discovery is to be completed by January 13, 2027. However, given the nature of the dispute, the discovery approved by this order is limited to documentary evidence relevant to the employment status of Hughes and Rossmiller during April and May 2025. The parties and other witnesses are not required to sit for depositions, answer interrogatories, or answer requests for admission as to this issue. While Erickson suggests Hughes and Rossmiller may be liable for planning the seizure even if they were not employed by the County in 2025, such a theory is not supported by the allegations in the complaint, which only mentions Hughes and Rossmiller in connection to the execution of the seizure on or about May 2, 2025. *See generally* Am. Compl. As such, the Court believes that

documentary evidence of their employment status in April and May of 2025 is sufficient to resolve the motion for summary judgment.

**II. Motion for Sanctions**

Federal Rule of Civil Procedure 11(c) allows a court to impose sanctions on a party who "files pleadings that are not reasonably based on the law or in fact, or that are meant to harass." *Brown v. Fed'n of State Med. Bds. of the U.S.*, 830 F.2d 1429, 1433 (7th Cir. 1987), *abrogated on other grounds by Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928 (7th Cir. 1989). "The standard for imposing sanctions under Rule 11 is an objective determination of whether a sanctioned party's conduct was reasonable under the circumstances." *Id.* at 1435. A party's actions may be sanctionable if they are (1) frivolous or (2) done for an improper purpose. *Id.* at 1435–36. An action may be frivolous if it is brought without making a reasonable inquiry into the facts. *Id.* at 1435. An action is brought for an improper purpose if it is "interposed for purposes of delay, harassment, or increasing the costs of litigation." *Id.* at 1436. However, a court's discretion to impose sanctions is not limitless. Rule 11(c)(2) creates a safe harbor wherein a party must serve a motion for sanctions on the opposing party 21 days before it can file the motion with the court. And Rule 11(c)(3) requires that court order a party "to show cause why conduct specifically described in the order has not violated Rule 11(b)" before imposing sanctions on its own initiative.

On the record now before the Court, Defendants did not comply with the safe harbor provision. They contacted Erickson on May 6, 2026, informing her that they could potentially seek sanctions if she did not agree to dismiss Hughes and Rossmiller from the case. *See* Email from Neyland to Erickson, Mot. Sanctions Ex. A, ECF No. 98 at 10–12. They filed the motion for sanctions with the Court seven days later, on May 13. Mot. Sanctions 9. Even if the letter is

considered a "motion for sanctions" for purposes of Rule 11(c)(2), *see N. Ill. Telecom, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 888 (7th Cir. 2017) (suggesting that a settlement proposal letter including a threat of sanctions under Rule 11 may not contain the equivalent of a Rule 11 motion despite circuit precedent indicating that sending a letter rather than a motion was sufficient), it was not served on Erickson 21 days before it was filed with the Court. Accordingly, the motion for sanctions is DENIED. Insofar as Erickson's response to the motion is construed as an additional motion for sanctions, there is no indication that she complied with Rule 11(c)(2) either. *See generally* Resp. Mot. Sanctions.

**CONCLUSION**

Accordingly, the Court RESERVES ruling on the motion for summary judgment, ECF No. 97. Plaintiff Heidi Erickson and Defendants Wendy Hughes and Joseph Rossmiller are DIRECTED to conduct limited discovery of documentary evidence relevant to whether Hughes and Rossmiller were employed by the County as animal control officers in April or May of 2025. Such discovery must be completed by January 13, 2027. The parties are further DIRECTED to file a joint status report by January 27, 2027, describing the evidence exchanged and stating whether the motion for summary judgment remains in dispute. If the motion remains in dispute, Hughes and Rossmiller are granted leave to file supplemental briefs by the same date, January 27, 2027, in support of the motion for summary judgment. Erickson may submit a response by February 24, 2027. The motion for sanctions, ECF No. 98, is DENIED.

The Clerk is DIRECTED to email a copy of this order to Erickson.

Entered this 13th day of November, 2026.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE