E-FILED
Tuesday, 24 November, 2026 11:06:28 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

HEIDI ERICKSON,

*Plaintiff*,

v.

MCDONOUGH COUNTY, CITY OF MACOMB, V. COVINGTON, LLC d/b/a LAKE BEHAVIORAL HOSPITAL, V. COVINGTON REALTY, LLC d/b/a LAKE BEHAVIORAL HOSPITAL, JEFF HAMER, BRYCE HERRICK, MIRANDA LAMBERT, BILLIE MCMILLEN, LISA SCALF, ZACH WELCH, WENDY HUGHES, JOE ROSSMILLER, MEGAN CLEMONS, MICHAEL INMAN, SCOTT COKER, and JANE/JOHN DOE OFFICERS,

*Defendants*.

Case No. 4:25-cv-04136-SLD-RLH

## ORDER & OPINION

This matter is before the Court on Defendants' Motion to Quash Plaintiff's Subpoena for Deposition and Motion for Sanctions. (Doc. 136). The Court previously granted Defendants' request to quash Plaintiff's subpoena. (Doc. 141). Defendants' request for sanctions was taken under advisement at that time. *Id*. For the reasons stated herein, Defendants' motion for sanctions is DENIED.

On October 27, 2026, Plaintiff filed a Motion to Take Depositions. (Doc. 128). The Court denied this motion, explaining that discovery had not yet begun in the case and would not begin until the resolution of a pending Motion for Summary Judgment (Doc. 97) and Motion to Dismiss (Doc. 101). (Doc. 129). Plaintiff was cautioned that

she "should not attempt to schedule or conduct depositions before the Court authorize[d] discovery." *Id.* Nevertheless, on November 5, 2026, Plaintiff served a subpoena on Defendant Zach Welch, requiring his attendance at a deposition on November 16, 2026. (Doc. 136, Exhibit A). Plaintiff also filed a second motion to take depositions (Doc. 131), which again was denied. (Doc. 132). In light of the Court's orders, counsel for Defendants twice asked Plaintiff to withdraw her subpoena for deposition. (*See* Doc. 136, Exhibit B). Plaintiff refused these requests, asserting that counsel had engaged in "litigation abuse" and that the Court's orders violated the Federal Rules of Civil Procedure. *Id.* Because of Plaintiff's violation of the Court's orders, Defendants request that she be sanctioned under Rule 11.

Rule 11 motions cannot be knee-jerk responses. To discourage that practice, the Rule establishes procedures that must be followed before sanctions can be imposed. Rule 11 demands that sanctions requests (1) "must be made separately from any other motion"; (2) "must be served under Rule 5"; and (3) "must not be filed or be presented to the court if the challenged paper … is withdrawn or appropriately corrected within 21 days." Fed. R. Civ. P. 11(c)(2).

It does not appear that Defendants fulfilled these requirements. First, Defendants' motion for sanctions did not stand on its own; rather, it was "an additional prayer for relief contained in" the motion to quash Plaintiff's subpoena. Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment; *see also Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020, 1025 (7th Cir. 1999) ("Permitting a motion for sanctions to be made in conjunction with another motion constitutes an abuse of

discretion."). Defendants also did not follow the second and third requirements. Defendants provide no evidence that they served Plaintiff with a copy of their motion more than twenty-one days before filing, nor did their email informing Plaintiff they would seek sanctions provide her with twenty-one days to withdraw the subpoena[1]. Defendants first asked Plaintiff to withdraw her subpoena and advised that they would request sanctions on November 6, 2026. (Doc. 136, Exhibit B). Their instant motion for sanctions was filed just ten days later. Accordingly, Defendants did not comply with Rule 11's service and twenty-one-day safe harbor provisions.

That said, the Court understands Defendants' frustration with Plaintiff's conduct. Plaintiff is cautioned that this ruling does not excuse her failure to abide by the Court's orders. Though Plaintiff is proceeding pro se, this does not excuse her from following the Court's orders and all applicable rules. *See Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008). Should Plaintiff continue to disregard court orders, the Court may issue sanctions against her on its own initiative.

[1] The Seventh Circuit follows a "substantial compliance" theory of Rule 11(c)(2), meaning that the motion itself need not be served on the party against whom sanctions are sought. *N. Ill. Telecon, Inc. v. PNC Bank, N.A.*, 850 F.3d 880, 887 (7th Cir. 2017). Instead, a letter that "explain[s] the grounds for sanctions and provide[s] more than 21 days to remedy the problem" will suffice. *Id.*

IT IS THEREFORE ORDERED that Defendants' motion for sanctions is DENIED.

*So ordered.*

Entered this 24th day of November 2026.

s/Ronald L. Hanna
Ronald L. Hanna
United States Magistrate Judge